<u>**NOT FOR PUBLICATION**</u>
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIEL L. JOHNSON, | : |
| Plaintiff, | : Case No. 24-447 (BRM) (JSA) |
| v. | : OPINION |
| MR. SETH GALKIN, *et al.* | : |
| Defendants. | : |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* plaintiff Daniel L. Johnson's ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* ("IFP") (ECF No. 5). Based on his affidavit of indigence (ECF No. 5), the Court grants him leave to proceed IFP and orders the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes the Complaint should be dismissed in its entirety.

**I. BACKGROUND**

The Court construes the allegations in the Complaint as true for the purposes of this Opinion. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Plaintiff is currently housed at Northern State Prison, in Newark, New Jersey. (ECF No. 1 at 3.) Plaintiff brings this civil rights action, pursuant to 24 U.S.C. § 1983, against Defendants State of New Jersey, Assistant

Prosecutor Seth Galkin ("Galkin"), and Assistant Prosecutor Krenor Camili ("Camili"). (*See* ECF No. 1.)

The allegations in Plaintiff's Complaint are difficult to decipher. Giving *pro se* Plaintiff the benefit of every doubt, the Court construes Plaintiff's allegations as best it can. The Complaint alleges that Defendants Galkin and Camili are Assistant Prosecutors with Passaic County Superior Court. (*Id.* at 4.) Plaintiff alleges on July 24, 2016, Defendants issued a "mail cover" and committed an "act of malicious prosecution" by seizing Plaintiff's incoming and outgoing mail while he was incarcerated. (*Id.* at 4-5.) Plaintiff alleges Defendants illegally seized correspondents from him and introduced said correspondents at trial. Plaintiff argues Defendants denied him "due process compelling [him] to be nothing more but a witness [against] himself." (*Id.* at 4.) Plaintiff submits Defendants seized his private property "over alleg[ed] offenses which [were] never indictable offenses . . . later attempting to get [him] indicted on criminal charges." (*Id.* at 6.) Plaintiff submits that he grieved the confiscation of his mail. (*Id.* at 5.)

## II. STANDARD OF REVIEW

### A. *In forma pauperis* complaints

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B.  Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged

deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## III. DECISION

### A. Entity Defendants

The Court begins with the entity Defendant the State of New Jersey. Any § 1983 claim against the State of New Jersey would fail to state a claim for relief because states are not considered "persons" under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that "a State is not a person within the meaning of § 1983"). Moreover, a state is not a "person" that may be sued under § 1983 regardless of whether the state has waived immunity. *See Garcia v. Richard Stockton Coll. of New Jersey*, 210 F. Supp. 2d 545, 549 (D.N.J. 2002) (citing *Will*, 491 U.S. at 70-71). Therefore, Plaintiff's § 1983 claims against the State of New Jersey are dismissed with prejudice for failure to state a claim upon which relief may be granted.

### B. Malicious Prosecution

Plaintiff states he is raising a malicious prosecution claim against Defendants Galkin and Camili.

Malicious prosecution claims raised pursuant to § 1983 arise out of the protections enshrined in the Fourth Amendment. *Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014). To state a claim for malicious prosecution, a plaintiff must allege the following elements:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Id.* (internal citations omitted).

That the criminal proceedings terminated in Plaintiff's favor is a requirement for bringing a malicious prosecution claim. *Id.* Indeed, a cause of action for malicious prosecution does not accrue, and the statute of limitations does not begin to run, until the plaintiff has received a favorable termination. *See Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994). The favorable termination element is only satisfied if the criminal case was "disposed of in a way that indicates the innocence of the accused." *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009). "The purpose of the favorable termination requirement is to avoid 'the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Id.* (alteration omitted) (quoting *Heck*, 512 U.S. at 484.)

The Complaint alleges that Defendants used Plaintiff's mail to maliciously prosecute him. While it appears Defendants may have been involved in the prosecution of Plaintiff on criminal charges, the Complaint fails to provide any facts regarding Plaintiff's charges or how Defendants were involved. Finally, while the Complaint fails to provide any facts to show that Plaintiff was found innocent of any charges. Plaintiff's malicious prosecution claim is dismissed without prejudice for failure to state a claim.

### C. Unlawful Seizure

Plaintiff appears to argue Defendants unlawfully seized Plaintiff's mail.

Section 1983 claims are governed by the applicable state's statute of limitations for personal-injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). Under New Jersey law, there is a two-year statute of limitations period for personal-injury torts. N.J. Stat. Ann. § 2A:14–2. Therefore,

Plaintiff's § 1983 claims are governed by a two-year statute of limitations. *See Cito*, 892 F.2d at 25. The limitation period begins to run on the accrual date, which is governed by federal law. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Under federal law, a claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

New Jersey law governs when accrual of a § 1983 claim may be delayed pursuant to the discovery rule and when a limitation period may be equitably tolled. *See Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The discovery rule postpones a claim from accruing if a plaintiff is reasonably unaware that he has suffered an injury or, even though he is aware of the injury, that it was the fault of an identifiable person. *See Caravaggio v. D'Agostini*, 765 A.2d 182, 187 (N.J. 2001). "[E]quitable tolling may be applied where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass' or where a plaintiff "has in some extraordinary way been prevented from asserting his rights," or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. *Freeman v. State*, 788 A.2d 867, 880 (N.J. Super. Ct. App. Div.) (internal citations and quotations omitted). "[A]bsent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.*

Plaintiff's unlawful seizure claim accrued, and the limitation period began to run, at the time Plaintiff was injured on July 24, 2016. *Mujaddid v. Wehling*, 663 F. App'x 115, 119 (3d Cir. 2016) (explaining unlawful search claims accrue at the time of injury); *Rolax v. Whitman*, 53 F. App'x 635, 637 (3d Cir. 2002) (unlawful search claim accrues at time of search). Plaintiff did not

6

sign his Complaint until November 12, 2023. Therefore, Plaintiff's claim appears well and truly time barred and is dismissed.

**IV. CONCLUSION**

For the reasons stated above, the Complaint is dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff's claims against Defendants State of New Jersey are dismissed with prejudice. Plaintiff's remaining claims are dismissed without prejudice. Because it is conceivable Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint. An appropriate order follows.

Dated: March 29, 2024

/s/ Brian R. Martinotti
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE